IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY JENKINS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-01035 |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| ANDERSON, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Giles, J.                                                                                       August 13, 2008

## I.  INTRODUCTION

Before the court is Defendant Correctional Officer Anderson's Motion to Dismiss Plaintiff Larry Jenkins' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Bringing claims under 42 U.S.C. § 1983, Plaintiff alleges that Defendant, acting under color of state law, was deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment.  Plaintiff alleges that Defendant assigned him to a cell that had unsafe conditions.  He alleges that Defendant failed to inspect his cell.  Alternatively, he alleges that if Defendant did inspect his cell, Defendant saw that repairs were needed to the cell's air vent but ignored this and placed Plaintiff in the cell.  Plaintiff alleges that consequently the air vent in the cell fell on Plaintiff's head and caused Plaintiff's head injury.

Defendant's motion to dismiss is granted for the reasons that follow.

1

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)); see id. at 231 (stating that Twombly does not undermine the principle that the court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 234 (quoting Twombly, 127 S. Ct. at 1965).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. (quoting Twombly, 127 S. Ct. at 1965); see Wilkerson v. New Media Tech. Charter Sch., Inc., No. 07-1305, 2008 U.S. App. LEXIS 7526, at *13 (3d Cir. Apr. 9, 2008) (following Phillips).  This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965) (quotations omitted).

## III.  DISCUSSION

The court finds that Plaintiff's Complaint fails to state a claim upon which relief could be granted.  For a plaintiff to state a conditions of confinement claim under the Eighth Amendment,

the plaintiff must allege that the deprivation is objectively sufficiently serious and the defendant

exhibited "deliberate indifference" to the conditions complained of.  Farmer v. Brennan, 513

U.S. 825, 834 (1994).  The Supreme Court has held that:

> [A] prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards an
> excessive risk to inmate health or safety; the official must both be
> aware of facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and he must also draw the
> inference. . . . [A]n official's failure to alleviate a significant risk
> that he should have perceived but did not, while no cause for
> commendation, cannot under our cases be condemned as the
> infliction of punishment.

Id. at 837-38.  A plaintiff must allege that the defendant acted with a sufficiently culpable state of

mind and must in some way "connect[] his factual allegations to the alleged mental state[]" of the

defendant.  Wilson v. Seiter, 501 U.S. 294, 298 (1991); Spruill v. Gillis, 372 F.3d 218, 237 (3d

Cir. 2004).  Conduct evidencing mere negligence or inadvertence does not amount to deliberate

indifference.  See Farmer, 511 U.S. at 835.

Plaintiff's Complaint states in pertinent part:

> If Anderson did checked [sic] the cell he saw that the condition of
> the cell needed repairs (air vent needed to be fix [sic]) but ignored
> it and put Plaintiff in the cell anyway but whatever the case, . . .
> Defendants [sic] action of assigning Plaintiff to the cell amounted
> to incarcerating Plaintiff in a cell under conditions that posed a
> substantial risk of serious harm to him.

(Compl.  ¶¶ 4-5.)

In his Complaint, Plaintiff does not allege that, prior to the air vent falling, Defendant

*actually knew* that the air vent, if left unrepaired, presented a *substantial risk of harm* to Plaintiff

but disregarded that risk.  Rather, Plaintiff alleges that Defendant failed to inspect the cell or

3

conducted a negligent inspection.  His claims fail to rise beyond mere negligence.   Plaintiff's

pleadings fail to "raise a reasonable expectation that discovery will reveal evidence of the

necessary element."  <u>See</u> <u>Phillips</u>, 515 F.3d at 234 (quoting <u>Twombly</u>, 127 S. Ct. at 1965).

Because Plaintiff's allegations do not rise to deliberate indifference, he fails to state a claim upon

which relief could be granted.


## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's

Complaint is dismissed without prejudice.  An Order follows.