IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY JENKINS, | : CIVIL ACTION |
| Plaintiff, | : NO. 08-1035 |
| v. | : |
| CORRECTIONAL OFFICER ANDERSON, | : |
| Defendant. | : |

**OPINION AND ORDER**

Slomsky, J.                                                                                            September 3, 2009

Before the Court is the Motion for Summary Judgment filed by Defendant Darryl Anderson, a correctional officer at the Graterford State Correctional Institution ("Graterford") in Graterford, Pennsylvania. For the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment.

**I.     STATEMENT OF FACTS**

The following facts are viewed in the light most favorable to Plaintiff, as the non-moving party, and are taken from the record presented on the Summary Judgment Motion, Plaintiff's Response, and Defendant's Reply. On April 14, 2007, Defendant transferred Larry Jenkins ("Plaintiff"), an inmate at Graterford, to Cell 19 in the Special Needs Unit. (Am. Compl. at p. 4; see also Pl. Dep. at 59:4-61:7.) Eight days later, an air vent cover installed in the ceiling of Cell 19 fell and struck Plaintiff's head causing injury. (Am. Compl. at p. 4.) Prior to placing Plaintiff in Cell 19, Defendant conducted a routine inspection of the cell, including the air vent. (Id.; see also Pl. Dep. at 59:4-61:7.) According to Plaintiff, the air vent cover was flush with the ceiling prior to the day it fell. (Pl. Dep. at 26:22-27:6.) For eight days, Plaintiff spent approximately

twenty hours per day in Cell 19, but he never noticed any problems or defects with the air vent until the day the cover fell. (Id. at 10:19-22, 67:4-17.)

After the air vent cover struck Plaintiff's head, he called for assistance and officers immediately took him to the prison infirmary. (Id. at 31:14-18, 32:22-33:8.) The infirmary nurse completed a Medical Incident/Injury Report, which noted that Plaintiff had a small red area on top of his head. (Id. at 35:13-21; see also Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. Ex. F.) Plaintiff was treated with ice and Tylenol, and did not request any additional treatment at that time. (Pl. Dep. at 36:22-37:9.)

The day after the incident, Plaintiff filed a grievance regarding his injury from the air vent cover. (Id. at 57:11-17.) In the grievance, Plaintiff alleged that: (1) Defendant did not inspect Cell 19; (2) Defendant was negligent in failing to inspect the cell; and (3) as a result of Defendant's negligent failure to inspect the cell, Defendant did not notice that the vent was in need of repair. (Id. at 57:20-59:16.) Plaintiff's grievance was denied five days later by Grievance Officer Richard M. Hiltner. (Am. Compl. Ex. A.) Subsequently, Plaintiff filed the present action.

## II. PROCEDURAL HISTORY

On April 1, 2008, Plaintiff filed a *pro se* complaint against Defendant seeking $200,000 in compensatory and punitive damages, pursuant to 42 U.S.C. § 1983, for the alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. No. 6.) Plaintiff alleged that Defendant assigned him to a cell under conditions that posed a substantial risk of serious harm to Plaintiff, and that Defendant was deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment. (Am. Compl. at p. 5.) Defendant filed a

2

Motion to Dismiss on July 25, 2008. (Doc. No. 15.) On August 13, 2008, former Chief Judge James T. Giles granted Defendant's Motion to Dismiss without prejudice, finding that Plaintiff failed to state a claim upon which relief could be granted. (Doc. No. 19.) On August 28, 2008, Plaintiff filed an amended complaint. (Doc. No. 33.) On January 14, 2009, the Court appointed counsel to represent Plaintiff. (Doc. No. 35.) Defendant filed a Motion for Summary Judgment on July 31, 2009 (Doc. No. 44); Plaintiff, represented by counsel, filed a Response in Opposition on August 14, 2009 (Doc. 46); and Defendant filed a Reply on August 24, 2009 (Doc. No. 48).

### III.    SUMMARY JUDGEMENT STANDARD

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact such that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Evidence is to be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motions and identifying the portions of the pleadings, depositions, interrogatories, admissions or affidavits, which demonstrate that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). Once the moving party has fulfilled its burden, the non-moving party must introduce specific facts demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); Liberty Lobby, 477 U.S. at 248.

The nonmoving party may not resist a properly filed motion for summary judgment by relying solely on the unsupported conclusory allegations contained in pleadings, but rather must go beyond the pleadings and affidavits and designate specific facts showing that there is a

genuine issue for trial. Liberty Lobby, 477 U.S. at 248. In ruling on Defendant's Motion for Summary Judgment, a mere scintilla of evidence in support of Plaintiff's position is insufficient. Id. at 252. Enough evidence must exist such that a jury could reasonably find for Plaintiff. Id. Plaintiff cannot merely rely upon assertions or speculation. Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), *cert. denied*, 474 U.S. 1010 (1985). If the evidence is merely colorable or is not sufficiently probative, summary judgment may be granted. Anett v. Aspin, 846 F. Supp. 1234, 1237 (E.D. Pa. 1991).

## IV. DISCUSSION

Defendant asserts that he is entitled to summary judgment for two reasons: (1) no reasonable jury could find that he subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, and (2) he is covered by qualified immunity. For reasons set forth below, the Court credits both of Defendant's arguments. Consequently, the Motion for Summary Judgment will be granted.

### A. Plaintiff's Eighth Amendment Claim

A prison official must have a sufficiently culpable state of mind to violate the Eighth Amendment's prohibition against cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Where, as here, a plaintiff's allegations center on prison conditions, the state of mind required is one of "deliberate indifference." Id. Thus, the Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate. Id. at 828. The Supreme Court has defined deliberate indifference as requiring proof that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial

4

risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official will not be liable for a "failure to alleviate a significant risk that he should have perceived but did not." Id. at 838. The Third Circuit has stated that the deliberate indifference standard "requires obduracy and wantonness which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also Farmer, 511 U.S. at 840 (holding that Eighth Amendment liability requires "consciousness of a risk" on the part of the defendant).

Plaintiff argues that the evidence creates a genuine, disputed issue of material fact whether Defendant was deliberately indifferent to a substantial risk of harm to Plaintiff because the evidence shows that Defendant examined the air vent, which later fell and injured Plaintiff. (Mem. of Law In Opp. to Def.'s Mot. for Summ. J. at p. 5.) Plaintiff additionally asserts that the evidence shows that "the air vent did not have screws at the time Jenkins was placed in SNU Cell 19." Id. (citing Pl. Dep. at 30:2-7). This statement, however, is not precisely in accord with Plaintiff's testimony, which is that *at the time the air vent cover fell*, there were no screws attached to the air vent. (Pl. Dep. at 30:2-7.) Beyond the bald assertion by Plaintiff that Defendant knew the air vent cover was in need of repair "[b]ecause if he inspected the cell, he seen that it was faulty" (Pl. Dep. at 72:22-24), Plaintiff has not put forward any evidence that Defendant knew of and disregarded the risk posed by the allegedly faulty air vent. Plaintiff has merely restated the allegations in his Amended Complaint. These allegations are unsupported by the evidence, which shows that Defendant inspected Cell 19, Defendant had no ill-will toward Plaintiff, and at all times prior to the incident the air vent cover was flush with the ceiling and did not manifest any signs of damage.

5

As previously noted, a plaintiff's reliance on mere conjecture is insufficient to overcome a motion for summary judgment. Gans, 762 F.2d at 341; see Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (finding that the object "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). Thus, after reviewing the parties' pleadings and evidence, the Court finds that Plaintiff has failed to put forth evidence beyond mere supposition that Defendant was deliberately indifferent to a substantial risk of harm to Plaintiff. At most, Plaintiff's claim amounts to an action sounding in negligence, which cannot form the basis for an Eighth Amendment claim. Farmer, 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence"); Wilson v. Seiter, 501 U.S. 294, 305 (1991).

### B.  Defendant Is Entitled to Qualified Immunity

Summary judgment is also appropriate because as a matter of law Defendant is covered by qualified immunity.

The doctrine of qualified immunity protects government officials "from liability for civil suit damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity balances two important interests, "the need to hold public officials accountable . . . and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).

To resolve Defendant's claim of qualified immunity, the Court must decide (1) whether the facts alleged or shown by Plaintiff make out a violation of a constitutional right and (2)

whether that right was "clearly established" at the time of Defendant's alleged misconduct. Id.; Atkinson v. Taylor, 316 F.3d 257, 261 (3d Cir. 2003). As explained above, Defendant's actions do not rise to the level of deliberate indifference necessary to support Plaintiff's claim for a violation of his Eighth Amendment rights. Plaintiff has therefore failed to make out a violation of a constitutional right as required under Pearson. Thus, Defendant is immune from suit under the doctrine of qualified immunity. Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2001) ("If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity."); Gause v. Diguglielmo, No. 09-1454, 2009 U.S. App. LEXIS 15743 (3d Cir. Jul. 15, 2009) (per curiam) (affirming the District Court's holding that a prisoner's negligence-based claim was not sufficient to make out an Eighth Amendment violation; therefore, the defendants were shielded by qualified immunity).

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted and all claims against Defendant are dismissed.

An appropriate Order follows.